**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Harter, et al., | No. CV-15-00343-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| SMSJ Tucson Holdings, LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendant Ascension Arizona's Motion to Dismiss Third Amended Complaint. (Doc. 111.) The Motion is fully briefed. (Docs. 124, 127.) Because the Motion cannot be resolved based solely on the Third Amended Complaint's allegations, the Court notified the parties of its intent to convert the Motion into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). (Doc. 130.) The parties filed a Joint Report on April 16, 2018, notifying the Court that they believe the converted Motion is suitable for determination without further supplementation and without the need for separate and controverting statements of fact. (Doc. 133.) For the following reasons, the Motion will be denied.

**I.     Background**

This action arises out of allegations that, at various times, Plaintiffs received inadequate accommodations for their disabilities at St. Mary's Hospital, St. Joseph's Hospital, and Carondelet Neurological Institute. Plaintiff Carol Harter allegedly received inadequate accommodations at St. Joseph's Hospital and Carondelet Neurological

Institute in August 2013. (Doc. 97 at 10–16.) In August 2013, those medical facilities were owned by Carondelet Health Network n/k/a Ascension Arizona.[1] (Doc. 57-1, ¶ 8.) Plaintiff Gerald Brown allegedly received inadequate accommodations at St. Mary's Hospital in November 2015. (Doc. 97 at 16–23.) Plaintiffs Dennis and Julie Lotz allegedly received inadequate accommodations at St. Mary's Hospital in December 2015 and February, July, and September 2016. (*Id.* at 23–34.) During the times Plaintiffs Brown, Dennis Lotz, and Julie Lotz received treatment, St. Mary's Hospital was owned by SMSJ Tucson Holdings, LLC. (Doc. 57-1, ¶¶ 9, 10.) Ascension Arizona f/k/a Carondelet Health Network and SMSJ Tucson Holdings, LLC, were first named together as Defendants in the currently operative Third Amended Complaint. (Doc. 97.)

On August 5, 2015, this lawsuit was filed by Plaintiff Harter against "Carondelet Health Network." (Doc. 1.) On September 24, 2015, Carondelet Health Network changed its name to Ascension Arizona. (Doc. 72-1, ¶ 9.) The docket contains no indication that Plaintiff was notified of the name change. On March 18, 2016, the First Amended Complaint was filed, adding Plaintiffs Gerald Brown and Leticia Moran. (Doc. 15.) The First Amended Complaint was brought solely against "Carondelet Health Network." (*See id.*)

On May 1, 2017, Plaintiffs requested leave to file a second amended complaint, seeking to add Dennis and Julie Lotz as plaintiffs. (Doc. 45.) The proposed second amended complaint named "Carondelet Health Network" as the sole defendant. (*See* Doc. 45-1.) Carondelet Health Network opposed the request for leave to amend, arguing that a separate entity, SMSJ Tucson Holdings, LLC, owned the hospitals at the time the Lotzes were treated. (Doc. 49.) In reply, Plaintiffs argued that any deficiencies in the proposed second amended complaint could be remedied by changing the named

---

[1] The Court refers to this corporate Defendant variously as Carondelet Health Network, Ascension Arizona, Carondelet Health Network n/k/a Ascension Arizona, and Ascension Arizona f/k/a Carondelet Health Network. The present Motion depends in part on whether Defendant knew or should have known that Plaintiffs made a mistake regarding its identity. The multiple names used by the parties for Defendant are relevant to that issue; therefore, in this section the Court refers to the names used by the parties in the specific documents cited.

defendants to clarify "that all entities who have owned and operated Carondelet Health Network during the various Plaintiffs' visits to its facilities are included as intended, named defendants." (Doc. 52 at 1–2.) Plaintiffs submitted a modified, proposed second amended complaint, naming "Ascension Health d/b/a Carondelet Health Network" and "SMSJ Tucson Holdings, LLC d/b/a Carondelet Health Network" as defendants. (Doc. 52-1, Ex. A.)

The Court ordered Carondelet Health Network to file a surreply clarifying which entities owned the hospitals at which times. (Doc. 53.) In an affidavit attached to its surreply, Carondelet Health Network explained that "Carondelet Health Network, n/k/a Ascension Arizona" owned the hospitals when Plaintiff Harter received treatment in August 2013, and that "SMSJ Tucson Holdings, LLC" owned the hospitals when Plaintiffs Brown, Dennis Lotz, and Julie Lotz received treatment in 2015 and 2016. (Doc. 57-1, ¶¶ 8, 9, 10.) Finding that the change in ownership did not foreclose Plaintiffs' theory of a policy or practice of discrimination, the Court granted leave to amend on August 8, 2017. (Doc. 60.) The Court directed the Clerk of Court to modify the case caption in accordance with the Second Amended Complaint, which named "Ascension Health d/b/a Carondelet Health Network" and "SMSJ Tucson Holdings, LLC d/b/a Carondelet Health Network" as Defendants.[2] (*Id.*; Doc. 69.)

Plaintiffs alleged in the Second Amended Complaint that "Defendant Ascension Health d/b/a Carondelet Health Network . . . is an Arizona non-profit corporation registered and doing business in the State of Arizona . . . . with a principal place of business in Tucson, Arizona." (Doc. 69, ¶ 9.) These allegations are incorrect; Ascension Health is a Missouri corporation with its principal place of business in St. Louis. (Doc. 84, Ex. A at 2, 4.) Ascension Health is the parent corporation of Carondelet Health Network n/k/a Ascension Arizona, the latter of which is an Arizona corporation. (Doc. 72-1, ¶¶ 6, 9.)

---

[2] The Second Amended Complaint actually named the second Defendant as "SMSJ Tucson Holdings, *Inc.*" (Doc. 69.) The error was subsequently corrected and has no bearing on the present Motion. (Docs. 81, 82.)

- 3 -

Over the weeks following the amendment, counsel for Ascension Health (and former defendant Ascension Arizona) conferred with counsel for Plaintiffs regarding the naming of Ascension Health instead of Ascension Arizona. On August 22, 2017, defense counsel requested that the caption be amended so that Ascension Arizona be named as defendant instead of Ascension Health. (Doc. 111-1, Ex. 1, ¶ 3.) On the same date, Plaintiffs' counsel responded that she lacked "sufficient information" to determine the appropriateness of the amendment because "[b]oth Ascension Health and Ascension Arizona have existing corporate filings with the Arizona Corporation Commission, indicating they are currently both operating in Arizona." (*Id.*, Ex. 1(A) at 8.) Plaintiffs' counsel requested additional documentation "identify[ing] which corporation is the correct corporate Defendant and [showing] the distinction between Ascension Arizona and Ascension Health[.]" (*Id.*) Defense counsel responded, indicating her belief that the affidavit attached to its surreply was sufficient to show an amendment was appropriate. (*Id.*)

On September 6, 2017, Ascension Health filed a motion to dismiss for lack of personal jurisdiction. (Doc. 72.) On September 8, 2017, Plaintiffs' counsel sent a letter to defense counsel. (Doc. 111-1, Ex. 1(B) at 13–20.) The letter requested that Ascension Health withdraw the motion to dismiss, setting forth the arguments that would later form the basis for Plaintiffs' response to the motion. (*See id.*) Specifically, the letter takes the position that Ascension Health was a proper defendant because, as the sole owner of Carondelet Health Network, it "would have actively managed, supervised, and involved itself in the Arizona operations of Carondelet Health Network." (*Id.* at 15.)

On January 22, 2018, the Court granted the motion to dismiss and dismissed Ascension Health without prejudice. (Doc. 95.) In its Order, the Court described the substitution of Ascension Health for Ascension Arizona in the caption as the "voluntary dismissal of Ascension Arizona." (*Id.* at 3.) Because (as noted above) Plaintiffs' allegations regarding Ascension Health's domicile and principal place of business were clearly erroneous—but appear to be correct as it pertains to Ascension Arizona—the

Court observed that "Plaintiffs may have intended that Ascension Arizona remain a defendant and that the substitution [of Ascension Health] was an error." (*Id.* at 3 n.2.) The Court thus granted Plaintiffs leave to file a third amended complaint, amending only the parties and party allegations. (*Id.* at 13.)

Plaintiffs filed the Third Amended Complaint on January 29, 2018, naming "Ascension Arizona, an Arizona non-profit corporation, f/k/a Carondelet Health Network" and "SMSJ Tucson Holdings, LLC" as Defendants. (Doc. 97.) On February 5, 2018, Ascension Health (no longer a defendant) filed a motion for reconsideration, asking that it be dismissed with prejudice instead of without prejudice. (Doc. 103.) In that motion, it was brought to the Court's attention for the first time that defense counsel had attempted to persuade Plaintiffs' counsel to substitute Ascension Arizona in place of Ascension Health and that Plaintiffs' counsel declined to do so. (*Id.* at 2–4.) However, Ascension Health's motion was denied because that information had no bearing on whether to dismiss with or without prejudice. (Doc. 110.)

On February 20, 2018, Ascension Arizona filed the currently pending Motion to Dismiss Third Amended Complaint. Ascension Arizona argues that the statute of limitations ran on all of Plaintiffs' claims during the period it was no longer a party. Ascension Arizona also argues that the Third Amended Complaint does not relate back to the filing of the timely, original Complaint because Plaintiffs made a strategic decision to voluntarily dismiss it as defendant and pursue claims against Ascension Health. That decision, according to Ascension Arizona, precludes Plaintiffs from satisfying the third relation-back requirement, i.e., that Ascension Arizona "knew or should have known that the action would have been brought against it, but for a mistake concerning [its] identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Plaintiffs argue in response that they were genuinely mistaken concerning the proper defendant's identity, demonstrated by their naming of "Carondelet Health Network" in some form in every version of the complaint. Therefore, they argue, the Court should find that Ascension Arizona was not dismissed because Plaintiffs never intended to dismiss the proper defendant. Alternatively, Plaintiffs argue

their mistake is sufficient to establish that the Third Amended Complaint relates back.

## II. Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine if the evidence is such that a reasonable trier of fact could resolve the dispute in favor of the nonmoving party. *Id.* In evaluating a motion for summary judgment, the court must "draw all reasonable inferences from the evidence" in favor of the non-movant. *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002). A reasonable inference is one which is supported by "significant probative evidence" rather than "threadbare conclusory statements." *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 680–81 (9th Cir. 1985) (internal quotation omitted). If "the evidence yields conflicting inferences [regarding material facts], summary judgment is improper, and the action must proceed to trial." *O'Connor*, 311 F.3d at 1150.

The party moving for summary judgment bears the initial burden of identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the burden shifts to the nonmovant to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation and emphasis omitted); *see also* Fed. R. Civ. P. 56(c)(1).

## III. Discussion

### A. Voluntary Dismissal

The parties disagree whether or not Ascension Arizona was dismissed as a party when omitted from the caption of the Second Amended Complaint. "The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th

Cir. 1989) (citations omitted). Therefore, omission in an amended pleading of an individual named in an original pleading generally operates as a voluntary dismissal. *See id.* (holding district court erred in entering judgment against individual named in original complaint but not amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (explaining that plaintiff's "earlier complaints cannot have the effect of filling in the names of the defendants in the later 'et al.' pleading"). However, "the question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983). "[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting *Rice*, 720 F.2d at 1085).

Viewing the evidence in the light most favorable to Plaintiffs, and drawing all reasonable inferences therefrom, the Court finds that there is a genuine dispute as to whether Ascension Arizona was dismissed. The Second Amended Complaint's allegations indicate that Plaintiffs intended to name the owner of the hospital. For instance, Plaintiffs alleged that Ascension Health was doing business as St. Mary's Hospital, St. Joseph's Hospital, and Carondelet Neurological Institute, although Ascension Health has never directly operated those facilities; Plaintiffs alleged that, "[p]rior to 2016 the Carondelet Health Network facilities and operations were wholly owned by Ascension [Health]," although that is true only of Ascension Arizona; Plaintiffs alleged that Ascension Health is domiciled in Arizona, although it is not (but Ascension Arizona is); and, in their reply in support of the motion to amend, Plaintiffs expressly stated it was their intent to name "all entities who have owned and operated Carondelet Health Network during the various Plaintiffs' visits to its facilities . . . ." (Doc. 52 at 2.) The foregoing facts allow the reasonable conclusion that Ascension Arizona was intended as a defendant, whatever name was used in the caption.

That Ascension Health was a party to this action does not preclude a finding that

Ascension Arizona was not also a party. Ascension Arizona relies heavily on the Court's prior statement that Ascension Arizona was "voluntar[ily] dismiss[ed]." However, the Court also noted in passing that the allegations appeared to indicate that Ascension Arizona was the intended defendant. Based on the foregoing, Ascension Arizona's Motion will be denied.

### B. Relation Back

Plaintiffs alternatively argue that, if Ascension Arizona was dismissed, their claims are not barred because the Third Amended Complaint relates back. "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). An amendment changing a party or naming of a party relates back if the following requirements are satisfied:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it.

*Butler*, 766 F.3d at 1202 (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)). The second and third requirements must be satisfied within the time period to serve the complaint. *Id.* (citing *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013)). The relation back doctrine should be "liberally applied" so as to "provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014) (internal quotation marks and citations omitted).

As explained in the previous Section, the Motion will be denied because the Second Amended Complaint shows a clear intent that Ascension Arizona be named as a party. However, even if Ascension Arizona were dismissed, the Court agrees that the Third Amended Complaint would relate back to the filing of the Second Amended

Complaint. *See United States ex rel. Cericola v. Fed. Nat'l Mortg. Ass'n*, 529 F. Supp. 2d 1139, 1148–51 (C.D. Cal. 2007) (analyzing whether plaintiff's fourth amended complaint related back to the third amended complaint); *Cornfield v. Pickens*, No. CV-16-00924-PHX-ROS, 2017 WL 6527299, at *3 (D. Ariz. July 25, 2017) (explaining that third amended complaint was timely if it related back to any of the earlier complaints).

There is no dispute that the first two requirements are satisfied. Plaintiffs allege the same discrimination claims based on the same allegations of fact set out in the Second Amended Complaint (and all prior versions of the complaint). Ascension Arizona was a party to this action for more than two years and would not be prejudiced in maintaining its defense; Ascension Arizona fails to even raise the issue. The sole dispute is whether or not Ascension Arizona "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Viewed in the light most favorable to Plaintiffs, the facts indicate that Ascension Arizona knew it would have been a defendant but for Plaintiffs' mistake regarding its identity.

Ascension Arizona argues that it believed Plaintiffs made a strategic decision—and not a mistake—because Plaintiffs continued to pursue their claims against Ascension Health even after being notified that Ascension Arizona was the proper defendant. Plaintiffs argue that the email communications relied upon by Ascension Arizona are irrelevant because of how long after the filing of the original Complaint they were sent. Plaintiffs emphasize that Rule 15(c) asks what the *defendant* knew or should have known during the Rule 4(m) period. They argue the communications show that Ascension Arizona knew it was the proper defendant regardless of what Plaintiffs thought. Finally, Plaintiffs argue that the context surrounding their naming of Ascension Health (e.g., the inaccuracy of their allegations regarding Ascension Health's domicile) demonstrates they made a mistake.

Here, the facts show that Plaintiffs were genuinely confused (at least initially) regarding the identity of the proper defendant. The sole, original defendant in this action

was "Carondelet Health Network." (Doc. 1.) The First Amended Complaint named "Carondelet Health Network" as defendant, notwithstanding the fact that the name "Carondelet Health Network" had been changed to "Ascension Arizona." The Second Amended Complaint named "Ascension Health d/b/a Carondelet Health Network" as defendant—an entity that does not exist because Ascension Health has never owned or operated Carondelet Health Network. Plaintiffs' allegations concerning the defendants named "Carondelet Health Network" remained the same in all versions of the complaint although two distinct entities were sued under that name. For instance, Plaintiffs alleged that the defendants are domiciled in Arizona, although that is not true of Ascension Health.

Additionally, the email correspondence between the parties' counsel indicates that Plaintiffs made a mistake. When told they had sued the wrong entity, Plaintiffs' counsel responded that she lacked "sufficient information" to make that determination and requested information "identify[ing] which corporation is the correct corporate Defendant and [showing] the distinction between Ascension Arizona and Ascension Health[.]" Plaintiffs' request for information showing which entity was the proper defendant indicates that the initial decision to sue "Ascension Health d/b/a Carondelet Health Network" was *not* a strategic decision to dismiss the owner of the hospitals and pursue the foreign parent company. Furthermore, Ascension Arizona's attempts to persuade Plaintiffs to amend the caption indicate both that it believed it was a proper defendant and that Plaintiffs had made a mistake in suing Ascension Health.

It is immaterial that Plaintiffs failed to rectify their mistake until filing the Third Amended Complaint, because "the amending party's diligence" is not a requirement for relation back. *Krupski*, 560 U.S. at 553 (circuit court erred in denying relation back merely because plaintiff waited 133 days to seek leave to amend). Assuming Ascension Arizona was dismissed, all three requirements for relation back were satisfied within the Rule 4(m) period. Therefore, the statute of limitations would not bar Plaintiffs' claims.

. . . .

Accordingly,

**IT IS ORDERED** that Defendant Ascension Arizona's Motion to Dismiss (Doc. 111), which is construed as a motion for summary judgement, is **denied**.

Dated this 1st day of May, 2018.

_____
Honorable Rosemary Márquez
United States District Judge